UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
KWANGMIN AHN,                                          :
                                                       :           **REPORT AND RECOMMENDATION**
                                           Plaintiff,  :
                                                       :           19-CV-05919 (DLI)(PK)
-against-                                              :
                                                       :
SUN CLEANERS INC and WON KOOK CHO,:
                                                       :
                                         Defendants.   :
------------------------------------------------------------- x

**Peggy Kuo, United States Magistrate Judge:**

      Kwangmin Ahn ("Plaintiff") brought this action against Defendants Sun Cleaners Inc. ("Sun Cleaners") and Won Kook Cho ("Cho," and collectively, "Defendants") for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA") and the New York Labor Law, N.Y. Lab. Law § 650 *et seq.* (the "NYLL"). (*See* Compl., Dkt. 1.) Defendants failed to answer or appear, and Plaintiff moved for default judgment against Defendants. ("Motion," Dkt. 8.)

      The Honorable Dora Lizette Irizarry referred the Motion to the undersigned for a report and recommendation. For the reasons stated herein, the undersigned respectfully recommends that the Motion be denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

**I.**    **Factual Background**

      The following facts are taken from Plaintiff's Complaint, Memorandum in Support of the Motion ("Amended Memo," Dkt. 11), and Plaintiff's Damages Affidavit ("Ahn Affidavit," Dkt. 11-3).

      Cho owns "at least 5 drop-off dry cleaners and one plant, located throughout New York City." (Compl. ¶ 11.) Sun Cleaners is a New York corporation and an enterprise engaged in commerce or in the production of goods for commerce with annual gross volume of sales not less than $500,000.00.

1

(Compl. ¶ 42.) Cho hired Plaintiff as a delivery worker for Sun Cleaners. (Compl. ¶ 11.) Cho was responsible for managing, supervising, and establishing and administering the terms and conditions of Plaintiff's employment. (*See* Compl. ¶¶ 24-31.)

Plaintiff worked for Defendants from December 31, 2017 until December 29, 2018. (Ahn Affidavit ¶ 9; *see also* Compl. ¶ 7.) He regularly worked six days a week, between 65 and 76 hours every week, with between 25 and 36 hours of overtime each week. (Amended Memo at 2; Ahn Affidavit at ¶ 9, 3-4; Compl. ¶ 8.)

Plaintiff was paid a flat rate of $800.00 per week from December 31, 2017, through May 5, 2018, and $850.00 per week from May 6, 2018, through December 29, 2018. (Ahn Affidavit at 3-4, Compl. ¶ 9.) Plaintiff never received overtime or spread-of-hours pay. (Compl. ¶ 9; Amended Memo at 2.) Defendants never provided Plaintiff with wage notices or weekly pay stubs as required by the New York Labor Law. (Compl. ¶¶ 68-69, 73.)

## II.    Procedural Background

Plaintiff filed the Complaint on October 22, 2019. (Dkt 1.) Plaintiff purported to serve Defendants by leaving a copy of the summons and complaint with a 24-year-old individual identified as a "MANAGER" of Defendants and an "employee" of Cho, at 47 Columbia Street, New York, NY on October 25, 2019. (Dkt. 5, Dkt. 8-1.) Defendants failed to answer or appear, and Plaintiff requested a certificate of default on December 11, 2019. (Dkt. 6.) The Clerk entered default against Defendants on December 17, 2019. (Dkt. 7.)

On May 13, 2020, Plaintiff filed a Motion for Default Judgment (Dkt. 8), an affidavit in support (Dkt. 8-1), proof of mailing of the Motion and the affidavit (Dkt. 8-2), a Memorandum in Support of the Motion (Dkt. 9), an affidavit in support of Plaintiff's damages claims (Dkt. 9-1), and an exhibit detailing Plaintiff's unpaid wages (Dkt. 9-2). On July 20, 2020, Plaintiff filed an Amended Memorandum in Support of the Motion for Default Judgment (Dkt. 11), a copy of the Complaint

(Dkt. 11-1), the Clerk's Certificate of Default (Dkt. 11-2), and an affidavit of Plaintiff's damages (Dkt. 11-3).

## DISCUSSION

### I. Default Judgment Standard

Rule 55 of the Federal Rules of Civil Procedure prescribes a two-step process for entry of a default judgment. First, when a defendant "has failed to plead or otherwise defend," the Clerk of Court enters the defendant's default. Fed. R. Civ. P. 55(a). The plaintiff may then move the court for an entry of default judgment. Fed. R. Civ. P. 55(b)(2). "[J]ust because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right." *GuideOne Specialty Mut. Ins. Co. v. Rock Cmty. Church, Inc.*, 696 F. Supp. 2d 203, 208 (E.D.N.Y. 2010).

To establish entitlement to default judgment, the plaintiff must demonstrate proper service of the summons and complaint. *See Advanced Capital Commercial Group, Inc. v. Suarez*, No. 09-CV-5558 (DRH)(GRB), 2013 WL 5329254, at *2 (E.D.N.Y. Sept. 20, 2013).

In this district, the plaintiff must also establish compliance with the procedural requirements of Local Civil Rules 7.1, 55.1, and 55.2.

#### A. Service on Defendants

Plaintiff did not properly serve either Defendant. Fed. R. Civ. P. 4(e) governs service of process for individuals. Rule 4(e)(2) allows a plaintiff to effect service by "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Rule 4(e)(1) alternatively allows for service of process on an individual through state law. N.Y. C.P.L.R. § 308(2) allows for substitute service upon a person of suitable age and discretion at a defendant's actual place of business, followed up by mailing to the defendant. New

York law mandates strict compliance with the mailing requirement. *See, e.g., Josephs v. AACT Fast Collections Servs., Inc.*, 155 A.D.3d 1010, 1012 (N.Y. App. Div. 2d Dept. 2017). ("Jurisdiction is not acquired pursuant to CPLR 308(2) unless both the delivery and mailing requirements have been strictly complied with.")

Plaintiff's process server left a copy of the summons and complaint with a 24-year-old person at an address in New York City, but neither the affidavit nor any other document filed by Plaintiff indicates that the location is Cho's residence or actual place of business. (*See* Dkt. 5 at 2.) *See United States v. John*, No. 18-CV-5045 (ENV)(VMS), 2020 WL 4915371, at *2 (E.D.N.Y. Aug. 21, 2020) ("[A]n affidavit may be insufficient proof when it fails to explicitly indicate how the process server knows that she is at the correct address or that the individual being served has authority to accept service.") The Certificate of Service of the Motion identifies 47 Columbia Street as Defendants' "last known address" (Dkt. 8-2) but fails to otherwise indicate that it is Cho's actual place of business or his residence. Furthermore, Plaintiff failed to provide any proof, in the affidavit or elsewhere, of the follow-up mailing required by New York law if this is not Cho's residence. (*See* Dkt. 5 at 2.) Plaintiff therefore failed to properly serve Cho.

Plaintiff similarly failed to properly serve Sun Cleaners. Fed. R. Civ. P. 4(h)(1) allows for service of process on a corporate defendant either pursuant to state law or by serving a copy of the summons and complaint on "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process ..." State law allows for service of a corporate defendant "upon any ... managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." N.Y. C.P.L.R. § 311(a)(1).

Plaintiff's process server left a copy of the summons and complaint with an individual described as a "manager". (Dkt. 5 at 1.) The description of an individual as "manager," without more, is insufficient to qualify that person as a "managing or general agent," or any of the other authorized

4

recipients under either Fed. R. Civ. P. 4(h)(1)(B) or NY CPLR § 311(1). *See Feng Lin v. Quality Woods, Inc.*, No. 17-CV-3043 (DLI)(SJB), 2019 WL 1450746, at *5 (E.D.N.Y. Jan. 28, 2019); *J & J Sports Prods., Inc. v. RK Soto Enterprises Inc.*, No. 17-CV-2636 (WFK)(VMS), 2020 WL 7684894, at *7 (E.D.N.Y. Feb. 7, 2020), *R&R adopted sub nom. J&J Sports Prods. Inc. v. RK Soto Enterprises*, 2020 WL 7041089 (E.D.N.Y. Dec. 1, 2020). The affidavit does not state that the person with whom the summons and complaint were left was authorized by appointment or law to receive service of process. It also does not state that anyone, including the individual himself, indicated that he was authorized to accept service. *Compare Home Loan Inv. Bank, F.S.B. v. Goodness & Mercy, Inc.*, No. 10-CV-4677, 2011 WL 1701795, at *7 (E.D.N.Y. Apr. 30, 2011) (corporate service sufficient on manager "who indicated that she was authorized to accept service on behalf of the corporation"); *compare also John*, 2020 WL 4915371 at *3 ("At least in the context of service on corporations, 'the process server may rely upon the corporation's employees to identify the individuals authorized to accept service.'") (quoting *Prescription Containers, Inc. v. Cabiles*, No. 12-CV-4805 (CBA) (VMS), 2014 WL 1236919, at *6 (E.D.N.Y. Feb. 14, 2014)).

Plaintiff's affidavit therefore does not comply with Rule 4(h)(1), and service on Sun Cleaners was not proper.

The undersigned therefore respectfully recommends that the Motion be denied for lack of proper service.

        **B.    Procedural Compliance with Local Civil Rules 7.1, 55.1, and 55.2**

Local Civil Rule 7.1(a) requires parties making a motion to the Court to include a Notice of Motion, a Memorandum of Law, and, if necessary, supporting affidavits and exhibits. Local Rule 7.1(a)(2) describes a memorandum of law as a document that "set[s] forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined … " Local Civil Rule 55.1 requires parties seeking a

certificate of default to include an affidavit "demonstrating that [] the party against whom a notation of default is sought is not an infant, in the military, or an incompetent person ..." Local Civil Rule 55.2(b) requires that an application for default judgment be accompanied by "(1) the Clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment." Local Civil Rule 55.2(c) requires proof of mailing of the entire application for default judgment to a defendant "at the last known residence of such party (if an individual) or the last known business address of such party (if a person other than an individual)."

Plaintiff's submission fails to comply with local procedural rules. Although Plaintiff's counsel submitted a memorandum in support of the Motion, it does not constitute a memorandum of law. (*See* Dkts. 9, 11.) The memorandum states only facts and calculations; it contains no legal basis for the requested relief and provides no explanations of the standards to be applied in deciding the Motion. There is no analysis or application of the facts to the law. *See 1077 Madison St., LLC v. New York State Dep't of Taxation & Fin.*, No. 19-CV-954 (NGG)(CLP), 2020 WL 249006, at *1 (E.D.N.Y. Jan. 16, 2020). Failure to submit a memorandum of law alone would justify denial of the Motion. *See Cardoza v. Mango King Farmers Mkt. Corp.*, No. 14-CV-3314 (SJ)(RER), 2015 WL 5561033, at *2 n.4 (E.D.N.Y. Sept. 1, 2015), *R&R adopted,* 2015 WL 5561180 (E.D.N.Y. Sept. 21, 2015) ("plaintiff's 'failure to comply with the local rule requiring him to submit a memorandum of law ... would be reason enough for the court to deny [his] motion in its entirety.') (quoting *Lanzafame v. Dana Restoration, Inc.,* No. 09-CV-873 (ENV)(JO), 2010 WL 6267657, at *7 (E.D.N.Y. Aug. 12, 2010), *R&R adopted by,* 2011 WL 1100111 (E.D.N.Y. Mar.22, 2011) (quotations and alterations in original).

Plaintiff's request for a certificate of default did not comply with Local Civil Rule 55.1(b)(1), because it did not contain the required affidavit regarding military service.

Finally, Plaintiff's filings fail to comply with Local Civil Rule 55.2. Plaintiff did not include a proposed form of default judgment. Additionally, Plaintiff only mailed to Defendants a copy of the Motion and affidavit in support, and not the entire application for default judgment. (*See* Dkt. 8-2.)

Given these myriad deficiencies in Plaintiff's moving papers, the undersigned respectfully recommends that the Motion be denied. *See Bhagwat v. Queens Carpet Mall, Inc.*, No. 14-CV-5474 (ENV)(PK), 2017 WL 9989598, at *2 (E.D.N.Y. Nov. 21, 2017) (denying Motion for Default because of failure to comply with Local Civil Rules 55.1 and 55.2).

## CONCLUSION

Based on the foregoing, the undersigned respectfully recommends that the Motion be denied without prejudice, and that Plaintiff be granted leave to properly serve Defendants with the summons and complaint. If Defendants fail to answer or timely respond, it is recommended that Plaintiff be granted leave to seek an entry of default and move again for default judgment in full compliance with Local Civil Rules 7.1, 55.1, and 55.2.

Plaintiff is directed to serve this Report and Recommendation on Defendants forthwith and file proof of service on the docket by February 4, 2021. Any objection to this Report must be filed within fourteen (14) days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to timely file any such objection waives the right to appeal the District Court's Order. *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).

SO ORDERED:

*Peggy Kuo*
PEGGY KUO
United States Magistrate Judge

Dated: Brooklyn, New York
February 1, 2021