UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
--------------------------------------------------------x
KWANGMIN AHN,                              :
                                           :          SUMMARY ORDER
            -against-                      :          19-cv-5919 (DLI) (PK)
                                           :
SUN CLEANERS, INC. and WON KOOK            :
CHO,                                       :
                                           :
                        Defendants.        :
--------------------------------------------------------x
```

**DORA L. IRIZARRY, United States District Judge:**

Kwangmin Ahn ("Plaintiff") brought this suit against his former employers Sun Cleaners, Inc. and Won Kook Cho ("Defendants") for violations of the § 201 *et seq.* of the Fair Labor Standards Act and New York Labor Law ("NYLL"). *See*, Compl., Dkt. Entry No. 1. On March 18, 2022, the Court adopted in full the Report and Recommendation ("R&R") issued by the Honorable Peggy Kuo, U.S. Magistrate Judge, on February 18, 2022, recommending that the Court grant Plaintiff's amended motion for default judgment ("Default Motion") against the Defendants. *See*, Electronic Order, March 18, 2022; R&R, Dkt. Entry No. 29; Default Motion, Dkt. Entry No. 22. In adopting the R&R and granting the Default Motion, the Court awarded Plaintiff damages for post-judgment interest from the date of entry of judgment in accordance with 28 U.S.C. § 1961(a), as requested in Plaintiff's Default Motion. *See*, Electronic Order, March 18, 2022; R&R, Dkt. Entry No. 29 at 19 (citing Default Motion at 16). The Clerk of Court entered judgment on March 18, 2022. Default Jdgmt., Dkt. Entry No. 31.

Plaintiff now moves to correct the judgment ("Motion to Correct Judgment") pursuant to Rule 60(a) of the Federal Rules of Civil Procedure ("FRCP"). Dkt. Entry No. 34. Plaintiff contends that the judgment must be "correct[ed]" to include language accounting for NYLL § 198(4), which the judgment "mistakenly omitted." *Id*. at 2.

**DISCUSSION**

NYLL § 198 sets forth costs and remedies available to an employee prevailing in any civil action. NYLL § 198 (McKinney 2021). Specifically, NYLL § 198(4) provides that "[a]ny judgment or court order awarding remedies under this section shall provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent." *Id.*

However, courts in this district "previously [have] ruled that § 198(4) is inapplicable to federal judgments." *Chen v. Asian Terrace Rest., Inc.*, 602 F. Supp.3d 348, 349 (E.D.N.Y. 2022) (denying Plaintiff's motion to correct the judgment under FRCP Rule 60(a) when Plaintiff argued that the court mistakenly excluded language from § 198(4) in its FLSA judgment) (citing *Quesada v. Hong Kong Kitchen, Inc.*, 2021 WL 861800, at *2 (E.D.N.Y. March 8, 2021)). Instead, 28 U.S.C. § 1961, which addresses post-judgment interest rates for civil cases in the federal court system, applies, "supplant[ing] any state law provisions that would otherwise increase the amount of a federal judgment." *Id.* at 350; *See also*, *Quesada*, 2021 WL 861800 at *2. Accordingly, § 198(4) is inapplicable to the default judgment and Plaintiff's motion to amend is denied.

For the foregoing reasons, Defendants' Motion to Correct the Judgment is denied in its entirety.

SO ORDERED.

Dated: Brooklyn, New York
      March 18, 2025

_____
      /s/
      DORA L. IRIZARRY
      United States District Judge

2